UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CYNDI B.,[1]

Plaintiff,

Case # 20-CV-6654-FPG

v.

DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

## INTRODUCTION

Plaintiff Cyndi B. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under XVI of the Act. ECF No. 1; ECF No. 12-1 at 2. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further administrative proceedings.

## BACKGROUND

On June 14, 2017, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 75. She alleged disability since August 7, 2015 due to migraines, a "lower back issue," depression, anxiety, a learning disability, borderline personality disorder, nerve damage in the ankles, post-traumatic stress disorder, and a "stomach issue." Tr. 61, 172, 182. In September

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 11.

2019, Administrative Law Judge John P. Costello ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 15-27. On July 6, 2020, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. This action seeks review of the Commissioner's final decision. ECF No. 1.

**LEGAL STANDARD**

**I. District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II. Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of

impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 14, 2017, the application date. Tr. 17. At step two, the ALJ found that Plaintiff had severe impairments of history of ankle sprains and tendon repairs, obesity, depressive disorder, dysthymia, bipolar disorder, borderline personality disorder, post-traumatic stress disorder ("PTSD"), history of migraine headaches, history of substance abuse, and marijuana abuse. *Id.* At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 18-20.

Next, the ALJ determined that Plaintiff had the RFC to perform light work,[3] except Plaintiff can only occasionally be exposed to respiratory irritants; is limited to simple routine tasks; and can only occasionally interact with coworkers, supervisors and the general public. Tr. 20. At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 25. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 25-26. The ALJ therefore found that Plaintiff is not disabled. Tr. 26.

### II. Analysis

Plaintiff argues that remand is warranted because the ALJ's physical RFC determination was not supported by substantial evidence *See* ECF No. 12-1 at 16-23. Specifically, she asserts

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

that the two opinions regarding her physical functioning, that of Dr. A. Vinluan, Tr. 422, and that of Dr. Harbinder Toor, *id.* at 401-05, were stale as to Plaintiff's ankle and foot impairments because they were rendered prior to Plaintiff undergoing two subsequent ankle surgeries. ECF No. 12-1 at 16, 21-23. The Court agrees.[4]

**A. Opinion Evidence**

**1. Dr. Toor's Opinion**

On August 24, 2017, consultative examiner Dr. Toor performed an internal medicine examination on Plaintiff and opined that Plaintiff has "moderate to marked limitation standing, walking, bending, lifting and carrying. She has mild to moderate limitations sitting a long time. Pain interferes with her balance. She can be reevaluated in the next few months after complete recovery from recent injury in the right ankle." Tr. 404. Furthermore, the ALJ noted that Plaintiff's irritable bowel syndrome symptoms "sometimes . . . can interfere with her routine." Tr. 405. He also opined that Plaintiff "should avoid irritants or other factors which can precipitate asthma" and that Plaintiff's "[h]eadache can also interfere with her routine." *Id.*

The ALJ found Dr. Toor's opinion to be "unpersuasive." Regarding Dr. Toor's findings of (1) a moderate to marked limitation standing, walking, bending, lifting, and carrying" (2) mild to moderate limitations sitting for a long time; and (3) that pain interfered with Plaintiff's balance, the ALJ, citing specific portions of the record, found that these opinions were based upon a then-recent right ankle injury and were inconsistent with "later treatment notes showing normal gait and full strength of her musculoskeletal system." Tr. 24. With respect to Dr. Toor's opinions related to irritable bowel syndrome, headaches, and asthma, the ALJ, again citing specific portions

[4] The Court does not reach Plaintiff's additional arguments.

of the medical records, concluded that these findings were "inconsistent and unsupported by medical evidence in 2018 and 2019 which showed generally unremarkable findings." *Id.*

**2. Dr. Vinluan's Opinion**

On August 31, 2017, state agency review examiner Dr. Vinluan, who did not examine Plaintiff, ECF No. 12-1 at 16, opined regarding Plaintiff's headaches, "[s]till early and hard to make or assess medical/ physical impairment." Tr. 422. He also stated the following: "[p]roposed RFC of [l]ight at this time with acute injury to right ankle is again too early; it [is] expected to improve in at least 2 weeks." *Id.* Dr. Vinluan also "recommended reevaluation in 2 months when R knee [is] improved." The ALJ found Dr. Vinluan's opinion with respect to Plaintiff's physical RFC to be "overall persuasive." Tr. 24. Specifically, the ALJ noted that Dr. Vinluan's findings were "generally consistent and supported by the medical evidence in [the] record," but that the "evidence received at the hearing level shows that the [Plaintiff] is somewhat more limited than determined by Dr. Vinluan." *Id.*

**B. Staleness**

The Court considers first whether the medical opinions discussed above were "stale." *See* ECF No. 12-1 at 21. A stale medical opinion does not constitute substantial evidence to support an ALJ's findings. *See Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015) (quotation marks and citation omitted), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) (summary order). A gap of time between when a medical opinion is rendered and the disability hearing and decision does not automatically invalidate that opinion; however, such an opinion may be stale if the claimant's condition deteriorates during that time. *See, e.g.*, *Welsh v. Colvin*, No. 14-CV-6715P, 2016 WL 836081, at *12 (W.D.N.Y. Mar. 4, 2016) (finding that an opinion rendered before the "significant deterioration" of the claimant's mental status could not "constitute substantial

evidence supporting the ALJ's determination"); *Jones v. Comm'r of Soc. Sec.*, No. 10 CV 5831(RJD), 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) (the ALJ should not have relied on a medical opinion in part because it "was 1.5 years stale" as of the plaintiff's hearing date and "did not account for her deteriorating condition").

"A medical opinion is not necessarily stale simply based on its age. A more dated opinion may constitute substantial evidence if it is consistent with the record as a whole notwithstanding its age." *Fambo v. Comm'r*, 474 F. Supp. 3d 603, 608 (W.D.N.Y. 2020) (citing *Andrews v. Berryhill*, No. 17-CV-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018) (ALJ did not err in relying on dated opinions where there was no indication the plaintiff's "condition had significantly deteriorated after the issuance of . . . [the] opinions such that they were rendered stale or incomplete")).

Here, the ALJ conducted Plaintiff's hearing on September 3, 2019 and issued a decision on her benefits application on September 18, 2019—approximately two years after Drs. Toor and Vinluan rendered their respective opinions in August 2017. Tr. 12-59. Plaintiff argues that these opinions were stale because they did not take into consideration the effects of two subsequent ankle surgeries—one in 2018 and one in 2019. ECF No. 12-1 at 21-22.

As explained above, the fact that the opinions of Drs. Toor and Vinluan were rendered prior to Plaintiff's 2018 and 2019 ankle surgeries "does not render them *per se* unreliable, as an ALJ has the duty to review the record as a whole, including medical opinions and any other relevant evidence received." *Andrews*, 2018 WL 2088064, at *3. However, here, the evidence in the record compels the conclusion that Plaintiff's condition deteriorated after the 2018 and 2019 surgeries.

On May 8, 2018, four weeks after her left ankle surgery, Plaintiff reported "pain on the outside of her left ankle." Tr. 428. On June 12, 2018, she reported "a slight twisting injury" to her repaired left ankle and that she had "felt weak and the ankle gave out." Tr. 426. On January 18, 2019, Plaintiff reported that she was "unable to stand for more than 5 minutes" due to pain, that her pain was "a 9/10," and that she "trip[s] over her legs at times." Tr. 476. Medical records from March 7, 2019 indicated that Plaintiff reported suffering "from chronic disabling pain." Tr. 478.

On March 8, 2019, Plaintiff presented for a right ankle surgical procedure: fibular groove deepening with repair of the sublux peroneal tendon. Tr. 462. At that time, she reported "frequent rolling and popping of the ankle," and that "[c]onservative measures [had] not provided adequate symptom relief." *Id.* On June 20, 2019, Plaintiff noted that she was experiencing increasing pain in her left knee. Tr. 770. On June 25, 2019, Plaintiff was evaluated because she "had stepped wrong and had some swelling to her surgical site" on her right foot. Tr. 768. Indeed, the doctor's objective findings at that time noted that "[t]here is +1 edema noted over the patient's posterior ankle, at the level of her peroneal tendons." *Id.*. Rather than improvement, these records show ongoing issues and deterioration in Plaintiff's ability to walk and stand. *See Fambo*, 474 F. Supp. 3d at 608 (W.D.N.Y. 2020) ("Even after surgery, [plaintiff] continued to suffer from continuing swelling and weakness, requiring additional pain management. Under these circumstances, the Court finds that Dr. Miller's opinion was stale, and did not constitute substantial evidence for the ALJ's opinions."). The records from June 25, 2019 are the most recent records available regarding Plaintiff's physical functioning and there are no medical records or doctor's examinations regarding how Plaintiff progressed going forward from that date.

There is some evidence in the record that could arguably support the conclusion that Plaintiff was doing well after her ankle surgeries. For example, among other evidence, Plaintiff's medical records included the following notations: (1) Plaintiff "[n]ote[d] her ankle has been feeling better" on April 17, 2018, Tr. 430; and (2) Plaintiff reported on January 15, 2019 that she was "happy with how her surgery [had] gone on her left ankle." Tr. 776. However, based on the degree to which Plaintiff continued to experience pain and ambulation issues after her surgeries, this is a case where "a reasonable factfinder would have had to arrive at a different conclusion from the ALJ." *See Santiago v. Comm'r. of Soc. Sec.*, 2020 WL 1922363, at *6 (S.D.N.Y. April 21, 2020).

Furthermore, in addition to the medical evidence regarding Plaintiff's ankles, objective medical evidence documented after the opinions of Drs. Toor and Vinluan demonstrates a decline in Plaintiff's physical functioning in other areas. For example, a doctor's examination on December 26, 2018 diagnosed Plaintiff with "[b]ilateral patellofemoral syndrome with loose joints." Tr. 778. On June 20, 2019, Plaintiff was examined by a doctor for left knee pain and that examination noted "a positive McMurray's with tenderness to palpation about the medial joint line." Tr. 770. The doctor ordered an MRI of the left knee, but those imaging results are not in the medical records. *Id.* Medical records from January 18, 2019 noted that Plaintiff "is unable to stand for more than 5 minutes before her pain starts to worsen," and that Plaintiff "[c]annot bend even to wash her god daughter." Tr. 476. Those same records included a note that indicates, "EMG previously with nerve damage noted." *Id.*

"In considering whether a medical opinion is stale, courts have frequently pointed to surgeries occurring subsequent to the medical opinion as evidence of the claimant's deteriorating condition." *McGrady v. Saul*, No.18-CV-1187-MJR, 2020 WL 2538483, at *3 (W.D.N.Y. May 19, 2020) (collecting cases). As stated above, the only medical opinion evidence relied on by the

ALJ in this case was rendered prior to Plaintiff's ankle surgeries and the other medical records noted above. The opinions of Drs. Toor and Vinluan were stale because they were based on an incomplete record and did not account for Plaintiff's deterioration in her physical condition and her issues with ongoing pain. *See Girolamo v. Colvin*, No. 13–CV–06309 (MAT), 2014 WL 2207993, at *8 (W.D.N.Y. May 28, 2014).

Since the opinions of Drs. Toor and Vinluan were stale, the ALJ could not rely on them and they cannot be substantial evidence. Accordingly, because there were no other medical opinions in the record regarding Plaintiff's physical functioning, "there is now a gap in the record necessitating a remand." *See McGrady*, 2020 WL 2538483, at *4. "This is not a case in which Plaintiff had only minor impairments such that the ALJ 'was within [his] discretion to make a 'common sense judgment' concerning [Plaintiff's] limitations, and no medical opinion evidence was necessary.'" *Biro v. Comm'r. of Soc. Sec.*, 335 F. Supp. 3d 464, 471-72 (W.D.N.Y. 2018) (quoting *Lilley v. Berryhill*, 307 F.Supp.3d 157, 161 (W.D.N.Y. 2018)) (alterations in original).

On remand, the ALJ should develop the record regarding Plaintiff's subsequent surgeries, physical abilities and her functional limitations.

**CONCLUSION**

Plaintiff's Motion for Judgment on the Pleadings, ECF No. 12, is GRANTED, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 14, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 23, 2022
Rochester, New York

______________________________
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York